**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AFARI MOORE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>CLEAN SKIN LLC,<br><br>        Defendant. | Case No.: 5:25-cv-3945<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1.    Plaintiff Afari Moore ("Plaintiff"), individually and on behalf of all others similarly situated, as more fully described herein (the "Class" and/or "Class Members"), brings this class action against Defendant Clean Skin LLC ("Defendant" and or "Clean Skin"), and alleges the following based upon information and belief, unless otherwise expressly stated as based upon personal knowledge.

## I.    INTRODUCTION

2.    Awareness of escalating environmental crises, like plastic pollution and climate change, has surged in recent years. Consumers therefore seek sustainable alternatives and products that minimize their ecological footprint.

3.    This trend is reflected in the growing demand for items labeled as "compostable," which promises a tangible solution to reducing waste and promoting a more circular, environmentally friendly economy.

4.    Marketers have taken notice of this demand, especially because they know environmentally conscious individuals are willing to pay a premium to minimize their environmental impact.

5.    While creating a truly compostable product may increase manufacturing complexity and cost, it differentiates a brand in ways that resonate with consumers. This, in turn, drives loyalty and sales. Companies also understand that consumers are willing to pay more for compostable products, effectively subsidizing the additional production costs.

6.    When executed honestly, this business model benefits everyone: companies differentiate their brand by demonstrating a commitment to sustainability, while consumers feel good about doing their part to help the environment. Unfortunately, as with many popular marketing trends, unscrupulous actors can enter the market, exploit the situation, and spoil the whole deal.

7.    That is precisely the case with Defendant's "Clean Skin Club" and its expensive line of disposable towel products. The company prominently advertises its products as "compostable" on the packaging, front and center.

8.    But that promise is untrue. Once the Products are used, including as Defendant itself expressly directs—with oils, balms, liquid makeup removers or cleansers—they can no longer be

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

composted. That's because cleansers, oils, and balms, as well as the makeup and human skin oils removed during use, contaminate the towels, rendering them incapable of decomposing.

9.     Even worse, when added to a compost pile, the Products contaminate the entire pile, making otherwise compostable goods also non-compostable. It also leaches harmful chemicals into the soil, causing further environmental harm.

10.    This renders the unqualified label promise of compostability misleading and inherently deceptive. No reasonable consumer purchases disposable face towels just to place them directly into a compost pile without use. Instead, consumers use the Products as directed. This leaves them with a towel no more compostable than cheaper alternatives on the market that do not falsely promise "compostable."

11.    Further underscoring the need for judicial intervention is the broader environmental dangers posed by the non-compostable Products. Nationwide, they are leaching oils, waxes, silicone, and synthetic substances into the soil, contaminating composting systems, and hindering the proper decomposition of everything else in those systems.

12.    Defendant's market fraud therefore not only deceives consumers into purchasing products that fail to deliver advertised benefits, it also causes consumers to unknowingly exacerbate the very environmental problem they are paying more to solve, negating their efforts to protect the planet and instead creating a ripple effect of environmental harm.

**_Defendant's Products & Representation_**

13.    **Challenged Representation**. At the heart of this lawsuit is Defendant's "compostable" representation, which appears prominently on the front of the packaging of its products. *See* Clean Skin Club Clean Towels XL® (50 Count—Original Packaging):

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com



14.    **The Deception of the Challenged Representation.** The Challenged Representation has misled reasonable consumers, including Plaintiff, into believing the Products are, in fact, compostable. However, contrary to the labeling, the Products, after ordinary use, including when used as specifically directed by Defendant, are not compostable. Defendant repeatedly, and across all major marketing campaigns and platforms, advertised the Products as "compostable," while simultaneously instructing consumers to use them with oils, balms, and cleansers—e.g., "Pair with an oil, balm or liquid makeup remover" or "Pair with a cleanser for gentle exfoliation"[1]—substances that contaminate the Products and prevent them from being compostable.

> **How can I use Clean Towels?**                               —
>
> • Dry your face after cleansing
> • Pair with an oil, balm or liquid makeup remover
> • Pair with a cleanser for gentle exfoliation
> • Dry sink and counter before tossing

(*see also* Clean Skin Club Clean Towels XL® (50 Count – Advertisement)):[2]

---

[1] *See also Clean Towels 25 Count*, CLEAN SKIN CLUB, https://cleanskinclub.com/collections/all-products-new/products/clean-towels-25-count (last visited May 2, 2025).

[2] *See e.g. Clean Skin Club Clean Towels XL*, AMAZON, https://www.amazon.com/Clean-Skin-Club-Disposable-Sensitive/dp/B07PBXXNCY (last visited May 2, 2025).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18    15.    Oils, balms, and cleansers contain synthetic chemicals, microplastics, and other

19    substances that prevent Products from being compostable, as does oils from skin and makeup

20    removed. As a result, when used as directed and expected, the towels become contaminated with

21    waxes, oils, silicones, preservatives, synthetic additives, fragrances, and emollients that prevent

22    composting and instead, materially pollute the entire compost pile, slowing the overall

23    decomposition process, facilitating incomplete decomposition, forming barriers, and reducing

24    critical airflow and moisture distribution, and leaching harmful chemicals into soil. Thus, after

25    ordinary use, including as specifically directed by Defendant, the Products not only fail to conform

26    with the Challenged Representation, they also materially and negatively impact entire compost

27    systems. Consumers are therefore paying more to help the environment but end up with a non-

28    compostable product that does more harm than good.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

4

16.     Defendant's marketing visuals consistently depict the Products wiping away visible facial creams, cleansers, or makeup – emphasizing their use with substances that are oily, chemical based, and/or synthetic that render the Products non-compostable:



CLASS ACTION COMPLAINT





CLASS ACTION COMPLAINT

17.     Through falsely, misleadingly, and deceptively labeling and advertising the Products, Defendant sought to take advantage of consumers' desire, perceived value, and willingness to pay more for compostable products, as consumers view such products as more environmentally conscious than non-compostable products. In this way, Defendant has charged consumers a premium for non-compostable products falsely advertised and warranted as "compostable," while reaping the financial benefits of a higher price point and an environmentally conscious consumer market. Defendant has done so at the expense of unwitting consumers, who pay for a product that fails to deliver advertised benefits. Defendant's lawfully acting competitors, who do not falsely promise compostability, are also harmed, as the false promise gives Defendant an unfair competitive advantage. Both market harms are precisely why consumer protection laws prohibit the type of false and deceptive conduct in which Defendant has engaged here.

18.     **Products.** The Products at issue are Clean Skin Club Clean Towels sold to consumers in the United States that contain the Challenged Representation on the front labels, packaging and/or advertising, regardless of the Products' size or variations—such as towel count (collectively referred to as the "Products"), which include, but are not necessarily limited to, the following products:

    a.    Clean Skin Club Clean Towels®, 25 Count, in all variations or packaging types;

    b.    Clean Skin Club Clean Towels XL®, 50 Count, in all variations or packing types;

    c.    Clean Skin Club Clean Towels XL® Supreme, 50 Count, in all variations or packaging types;

    d.    Clean Skin Club Clean Towels XL® Bamboo, 50 Count, in all variations or packaging types; and

    e.    Clean Skin Club Clean Towels XL® Travel, 10 Count , in all variations or packaging types.

19.     **Primary Dual Objectives.** Plaintiff brings this action, individually and in a representative capacity on behalf of those similarly situated consumers who purchased the Products during the relevant Class Period (Class and/or Subclass defined *infra*), for dual primary objectives: ***One***, Plaintiff seeks, on Plaintiff's individual behalf and on behalf of the Class/Subclass, a monetary recovery of the price premium Plaintiff and consumers overpaid for Products that should, but fail

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

to, comport with the Challenged Representation (which may include, for example, damages, restitution, disgorgement, and/or any applicable penalties, fines, or punitive/exemplary damages) solely to the extent that the causes of action pled permit such recovery. ***Two***, Plaintiff seeks, on her individual behalf and on behalf of the Class/Subclass, injunctive relief to stop Defendant's unlawful manufacture, marketing, and sale of the Products with the Challenged Representation to avoid or mitigate the risk of deceiving the public into believing that the Products conform to the Challenged Representation, by requiring Defendant to change its business practices, which may include one or more of the following: removal or modification of the Challenged Representation from the Products' labels and/or packaging, and/or removal or modification of the Challenged Representation from the Products' advertising.

## II.    JURISDICTION

20.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III.    VENUE

21.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff purchased the unlawful Products in this District, and Defendant has deliberately marketed, advertised, and sold the Products within this District using the Challenged Representation and associated misleading advertisements.

## IV.    PARTIES

### *Plaintiff*

22.    **Plaintiff Afari Moore.** The following is alleged based upon Plaintiff's personal knowledge:

a.    **Residence.** Plaintiff is a resident of San Jose, California.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

b.  **Purchase Details.** Plaintiff purchased Clean Skin Club Clean Towels XL®, 50 Count from Amazon, to be shipped to Plaintiff's residence in San Jose, California, on or about February 7, 2025, and paid approximately $17.95 plus tax, during the Class Period.

c.  **Reliance on the Challenged Representation.** In making the purchase, Plaintiff read the Challenged Representation on the Product's labels, packaging, and advertising, leading Plaintiff to believe that the Product was compostable following ordinary use.

d.  **No Actual Knowledge of Falsity.** At the time of purchase, Plaintiff did not know that the Challenged Representation was false in that Plaintiff did not know that the Products were not compostable after ordinary use.

e.  **No Notice of Contradictions.** Plaintiff did not notice any disclaimer, qualifier, or other explanatory statement or information on the Product's labels or packaging that contradicted the prominent Challenged Representation or otherwise suggested that the Products were not, in fact, compostable after ordinary use, including when used as specifically directed by Defendant.

f.  **Causation/Damages.** Plaintiff would not have purchased the Product or would not have paid as much for the Product, had Plaintiff known that the towels were not compostable after ordinary use.

g.   **Desire to Repurchase.** Plaintiff continues to see the Products available for purchase and desires to purchase them again if the Challenged Representation was in fact true.

h.  **Lack of Personal Knowledge/Expertise to Determine Truth.** Plaintiff does not personally know how exactly the composting process is achieved, and Plaintiff does not possess any specialized knowledge or general familiarity with the Products' ingredients or ingredients of makeup products, makeup removers, cleansers, oils, and balms, such that Plaintiff does not personally know and cannot determine whether the Product can be composted after used; and, therefore,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Plaintiff has no way of determining whether the Challenged Representation on the Product is true.

    i.   **Inability to Rely.**  Plaintiff is, and continues to be, unable to rely on the truth of the Challenged Representation on the Products' labels.

23.   **Plaintiff's Future Harm.**  Defendant continues to market and sell the Products with the Challenged Representation. Plaintiff would like to purchase the Products in the future if they lived up to and conformed with the Challenged Representation. However, Plaintiff is an average consumer who is not sophisticated in the sourcing, manufacturing, and compostability of personal care products, such as the Products. Plaintiff does not have any personal knowledge regarding the materials of the Products, or the methods by which the composting process is achieved. Thus, Plaintiff cannot accurately differentiate between compostable and non-compostable products. Because Plaintiff wants to purchase the Products again to obtain the benefits of the Challenged Representation—despite the fact that the Products were once marred by false advertising or warranties—Plaintiff would likely and reasonably, but incorrectly, assume the Products are true to and conform with the Challenged Representation on its labels, packaging, and Defendant's advertisements, including Defendant's websites and social media platforms. Accordingly, Plaintiff is at risk of reasonably, but incorrectly, assuming that Defendant has fixed the Products' advertising such that Plaintiff may buy them again, believing they are no longer falsely advertised and warranted. In this regard, Plaintiff is currently and in the future deprived of the ability to rely on the Challenged Representation in deciding to purchase the Products.

### ***Defendant***

24.   **Defendant Clean Skin LLC ("Defendant")** is headquartered and/or maintains a principal place of business in the State of Florida. Defendant was doing business in the State of California at all relevant times, including the Class Period. Directly and through its agents, Defendant has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, marketer, and/or distributor of the Products, and created, authorized, and controlled the use of the Challenged Representation to market the Products. Defendant and its agents promoted, marketed, and sold the Products at issue

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

throughout the United States and, in particular, within this judicial district. The unfair, unlawful, deceptive, and misleading Challenged Representation on the Products were prepared, authorized, ratified, and/or approved by Defendant and its agents to deceive and mislead consumers in the State of California and the United States into purchasing the Products.

## V.     FACTUAL ALLEGATIONS

### *Market and Regulatory Background*

25.     **Consumer Demand for Environmentally Friendly Products.** In recent years, consumers have poured billions of dollars into the "natural" personal care market.[3] Within that market, consumers have specifically demonstrated an interest in purchasing environmentally and ethically sustainable products.

26.     In a 2020 United States consumer sentiment survey conducted by McKinsey, more than 60 percent of respondents said they would pay for a product with sustainable packaging.[4] Then, a 2024 consumer survey, conducted by PricewaterhouseCoopers, found that consumers are willing to spend 9.7% more, on average, for sustainably produced or sourced goods despite increasing costs of living.[5] As such, consumers place a recognized ethical and monetary value on the concept of sustainability.

27.     In response to consumers' desire for sustainable products, many companies, including Defendant, have scrambled to manufacture, market, and sell purportedly "compostable" or otherwise sustainable products in an effort to gain market share. Unfortunately, rather than creating the compostable and sustainable products consumers desire, Defendant has instead chosen to "greenwash" the Products and market them through deceptive labeling and advertising (i.e., the

---

[3] *See generally Natural and organic cosmetics in the U.S. – Statistics & Facts,* STATISTA (Nov. 2024), https://www.statista.com/topics/4501/natural-and-organic-cosmetics-in-the-us/#topicOverview (last visited April 17, 2025).
[4] Sherry Frey et al., *Consumers Care About Sustainability – and Back It Up with Their Wallets*, MCKINSEY & CO., (Feb. 6, 2023), https://www.mckinsey.com/industries/consumer-packaged-goods/our-insights/consumers-care-about-sustainability-and-back-it-up-with-their-wallets    (last visited April 17, 2025).
[5] *Consumers Willing to Pay 9.7% Sustainability Premium, Even as Cost-of-Living and Inflationary Concerns Weigh: PwC 2024 Voice of the Consumer Survey*, PwC (May 15, 2024), https://www.pwc.com/gx/en/news-room/press-releases/2024/pwc-2024-voice-of-consumer-survey.html (last visited April 17, 2025).

11

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Challenged Representation) to convince consumers the Products are compostable and sustainable when, in reality, they are not.

***FTC Guidelines.***

28.    In response to this consumer fraud, the United States Federal Trade Commission ("FTC") created the "Green Guides" to help companies avoid making misleading and deceptive claims.[6]

29.    The FTC has been clear: if "the presence of an incidental component [of a product] significantly limits the ability to [compost] the product," a compostable claim "would be deceptive." 16 C.F.R. § 260.3(b). As applied here, the limiting incidental components include that the Products are not compostable after ordinary use, including with makeups, balms, and cleansers, as Defendant's advertisements specifically direct.

30.    To avoid consumer deception, the FTC requires any necessary disclosures to representations such as "compostable, to be "clear, prominent, and understandable[;]" and appear "in close proximity to the qualified claim[.] 16 C.F.R. § 260.3(a).

31.    Here, Defendant has not made any clear, prominent, and understandable disclosures in close proximity of its Challenged Representations. Defendant's "compostable" claim is deceptive and violates the FTC's guidelines because Defendant does not make a clear and prominent disclosure that qualifies the compostability of the Products after ordinary use.

***Definitions.***

32.    **Dictionary: Compost.** The Merriam-Webster standard dictionary defines "compost" as "a mixture that consists largely of decayed organic matter and is used for fertilizing and conditioning land."[7]

33.    **Dictionary: Compostable.**    The Merriam-Webster standard dictionary defines "compostable" as "to convert (a material, such as plant debris) to compost."[8]

---

[6] *See generally* 16 C.F.R. § 260 – Guides for the Use of Environmental Marketing Claims.

[7] *compost*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/compost (last visited April 17, 2025).

[8] *compostable*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/compostable (last visited April 17, 2025).

CLASS ACTION COMPLAINT

34.    **Consumer Perception.** Reasonable consumers, like Plaintiff, interpret the Compostable Representation to mean that the Products are capable of being converted to compost for use in fertilizing and conditioning land—because that is what compostable means and that is what the Product label promises affirmatively and without qualification.

### *Defendant's Brand Strategy*

35.    **Brand Strategy.** Defendant deliberately created and executed a brand strategy to distinguish the Clean Skin Club brand, company, and the Products at issue in this case, as green, sustainable, and well-designed products that are compostable.

36.    **Challenged Representation on Products' Labels.** Defendant falsely and misleadingly labels the Products as "compostable." A true and correct image of this front-label is provided below.

> Dermatologist-approved compostable face towels

37.    The Challenged Representation on the Products' packaging is conspicuous and designed to grab the consumer's attention.

   a.    **Placement.** The Challenged Representation is prominently placed on each of the Product's primary display panel of the front label or packaging, immediately underneath the Products' brand name and the Product name (e.g., "CLEAN SKIN CLUB" and "CLEAN TOWELS XL®").

   b.    **Prominence.** The Challenged Representation is not hidden in a sea of information; rather, the front panel contain scant information about the Products, largely limited to the brand name, the product name, and a few claims about the Products' attributes, including "compostable."

38.    To draw consumers' attention, the Challenged Representation is prominently displayed in the center of the label. The net-effect or net-impression on consumers is that the Products are compostable—because that is what Defendant promises on the Product label, front and center.

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

*Falsity of the Challenged Representation*

39.     **The Challenged Representation.** Although each of the Products at issue is labeled and advertised with the Challenged Representation, the Products, after ordinary use, including as directed by Defendant, are rendered non-compostable, and further, can contaminate otherwise perfectly compostable goods when consumers seek to compost the Products consistent with Defendant's prominent and unqualified promise of compostability. Defendant repeatedly advertised that the "compostable" Products were meant to be used with makeup removers, cleansers, oils, and balms.[9] However, after ordinary use, including with makeup removers, cleansers, oils, and balms, the Products are not compostable.

40.     These materials, along with the makeup and skin oils that the Products are intended to remove, contain waxes, oils, silicones, preservatives, synthetic additives, fragrances, and emollients that contaminate compost.[10] These substances render the Products non compostable. They can also negatively affect entire compost systems in a variety of ways, such as by slowing the decomposition process, facilitating incomplete decomposition, forming barriers and reducing critical airflow and moisture distribution, and leaching harmful chemicals into soil.[11] When contaminated with makeup, cleansers, oils, and balms, as encouraged by Defendant, compost is unsuitable for use in gardens and can contaminate groundwater.[12]

41.     Defendant is aware that its Products when used as directed are not compostable.  On its website, within one of the informational tabs "Skin to Soil," and regarding an initiative Defendant is anticipating to start to compost the towels through Defendant-affiliated vendors, Defendant inconspicuously states that consumers should "ensure" that the Products are "free of oils, balms, or heavy makeup" before composting.[13] However, consumers have no reason to view or read this page,

---

[9] *Clean Towels 25 Count*, CLEAN SKIN CLUB, https://cleanskinclub.com/collections/all-products-new/products/clean-towels-25-count (last visited May 2, 2025).
[10] *Can I Compost Makeup?*, LET'S GO COMPOST, https://www.letsgocompost.org/post/can-i-compost-makeup-the-dos-and-don-ts (last visited April 17, 2025).
[11] *Id.*
[12] *Id.*
[13] *Skin to Soil*™, CLEAN SKIN CLUB, https://cleanskinclub.com/pages/skin-to-soil%E2%84%A2 (last visited April 17, 2025).

14

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1   one of the many tabs on Defendant's website, regarding a project that is yet to come. Even if

2   consumers might come across this webpage, it could be reasonably understood to reinforce that the

3   Products are compostable, as promised without qualification on the front label of the Products.

4        42.    Defendant failed to correct its "compostable" misrepresentation – appearing front and

5   center on the Products, and notify consumers that the Products may only be composted if they are

6   unused. Otherwise, consumers would need to scour their used towels to remove the chemicals,

7   additives, and preservatives in the makeup, makeup removers, cleansers, oils, and balms before

8   composting. Therefore, the Compostable Representation is false and misleading.

9   ***Plaintiff and Reasonable Consumers Were Misled by the Challenged Representation into Buying***

10  ***the Products, to Their Detriment, Consistent with Defendant's Deliberate Marketing Scheme to***

11  ***Exact a Premium for the Falsely Advertised Products***

12       43.    **Products.** Defendant manufactures, markets, promotes, advertises, labels, packages,

13  and sells the Products that contain the Challenged Representation on its packaging and labels.

14       44.    **The Challenged Representation**. On the Products' labeling and packaging,

15  Defendant prominently and conspicuously displays the Challenged Representation—specifically,

16  "compostable."

17       45.    **Reasonable Consumer's Perception.** The Challenged Representation leads

18  reasonable consumers, like Plaintiff, into believing that the Products conform to the Challenged

19  Representation. Reasonable consumers interpret the Challenged Representation to mean that the

20  Products are "compostable" and that they are otherwise suitable for, and would not introduce

21  harmful contaminants into, compost.

22       46.    **Materiality.** The Challenged Representation is material to reasonable consumers,

23  including Plaintiff, in deciding to buy the Products—meaning that the Products' "compostable"

24  attribute is important to consumers and motivates them to buy the Products, consistent with market

25  research demonstrating that compostable claims are a top purchase driver.

26       47.    **Reliance.** The Class, including Plaintiff, reasonably relied on the Challenged

27  Representation in deciding to purchase the Products.

28  ///

**CLASS ACTION COMPLAINT**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

48.    **Falsity.** The Challenged Representation is false and deceptive because the Products are not compostable after ordinary use, including when used as directed by Defendant, and can also negatively affect entire compost systems.

49.    **Consumers Lack Knowledge of Falsity.** Consumers, including Plaintiff, do not know, and have no reason to know, at the time of purchase, that the Products' Challenged Representation is false, misleading, deceptive, and unlawful. That is because consumers, including Plaintiff, have no personal knowledge of the composition of the Products or the impact of skin oils, makeup, cosmetic and other cleansing products on the composting process. Thus, reasonable consumers, like Plaintiff, cannot discern whether ordinary and directed use of the Products renders the compostable claim false.

50.    **Defendant's Knowledge.** Defendant knew, or should have known, that the Challenged Representation was false, misleading, deceptive, and unlawful, at the time that Defendant manufactured, marketed, advertised, labeled, and sold the Products using the Challenged Representation to Plaintiff and the Class. Defendant intentionally and deliberately used the Challenged Representation, alongside its marketing campaign and brand strategy, to cause Plaintiff and similarly situated consumers to buy the Products believing that the Challenged Representation is true.

a.    **Knowledge of Falsity.** Defendant labeled and marketed the Products with the Challenged Representation despite possessing knowledge that the Products cannot be composted after ordinary use including when used with oils, balms, or makeup as directed by Defendant. Defendant opted to advertise the Products in a manner that does not conform to those representations. Specifically, Defendant named and advertised the Products as "compostable" towels intended to be used with makeup removers, cleansers, oils, and balms. However, in an inconspicuous statement on its website (and nowhere at the point of purchase), within the page designated to Defendant's compost project that has not yet started, Defendant instructs consumers to ensure that the Products are free of oils, balms, or heavy makeup before composting the Products with Defendant-affiliated vendors. Thus, Defendant demonstrates

16

sufficient knowledge that the Products are not compostable after ordinary use including as specifically directed by Defendant. Still, it made an unqualified and affirmative promise of compostability on the Product label, front and center.

b. **Knowledge of Reasonable Consumers' Perception.**  Defendant knew, or should have known, that the Challenged Representation would lead reasonable consumers into believing that the Products were compostable. Not only has Defendant labeled and packaged each of the Products with the Challenged Representation and utilized a brand strategy to identify the Products as compostable, but Defendant also has an obligation under section 5 of the Federal Trade Commission Act, codified at 15 U.S.C. § 45, to evaluate its marketing claims from the perspective of the reasonable consumer. That means Defendant was statutorily obligated to consider whether the Challenged Representation, be it in isolation or conjunction with its marketing campaign, would mislead reasonable consumers into believing that the Products were compostable. Thus, Defendant either knew the Challenged Representation is misleading before it marketed the Products to the Class, including Plaintiff, or Defendant would have known that it is deceptive had it complied with its statutory obligations.

c. **Knowledge of Materiality.**  Defendant knew or should have known that the Challenged Representation is material to consumers. ***First***, manufacturers and marketers, like Defendant, generally reserve the front primary display panel of labels of packaging on consumer products for the most important and persuasive information, which they believe will motivate consumers to buy the products. Here, the conspicuousness of the Challenged Representation on the Products' front labels and packaging demonstrates Defendant's awareness of its importance to consumers and Defendant's understanding that consumers prefer and are motivated to buy products that conform to the Challenged Representation. ***Second***, manufacturers and marketers repeat marketing claims to emphasize and characterize a brand or product line, shaping the consumers' expectations, because they believe those repeated

17

messages will drive consumers to buy the product. Here, the use of the Challenged Representation on the Products' labels, packaging, advertisements, and throughout Defendant's marketing campaign, evidence Defendant's awareness that the falsely advertised Product-attribute is important to consumers. It also evidences Defendant's intent to convince consumers that the Products conform to the Challenged Representation in order to drive sales.

d. **Defendant's Continued Deception, Despite Its Knowledge.** Defendant, as the manufacturer and marketer of the Products, had exclusive control over the Challenged Representation's inclusion on the Products' labels, packaging, and advertisements— i.e., Defendant readily and easily could have stopped using the Challenged Representation to sell the Products. However, despite Defendant's knowledge of the Challenged Representation's falsity, and Defendant's knowledge that consumers reasonably rely on the Challenged Representation in deciding to buy the Products, Defendant deliberately chose to market the Products with the Challenged Representation thereby misleading consumers into buying or overpaying for the Products. Thus, Defendant knew, or should have known, at all relevant times, that the Challenged Representation misleads reasonable consumers, such as Plaintiff, into buying the Products to attain the product-attribute that Defendant falsely advertised and warranted.

51. **Detriment.** Plaintiff and similarly situated consumers would not have purchased the Products or would not have paid a price premium for the Products, if they had known that the Challenged Representation was false and, therefore, the Products do not have the attribute claimed, promised, warranted, advertised, and/or represented. Accordingly, based on Defendant's material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased the Products to their detriment.

///

///

///

1

*The Products are Substantially Similar*

2      52.    As described herein, Plaintiff purchased the Clean Skin Club Clean Towels XL® (the

3    "Purchased Products"). The additional Products (the "Unpurchased Products") are substantially

4    similar to the Purchased Products.

5            a.  **Defendant.** All Products are manufactured, sold, marketed, advertised, labeled,

6                and packaged by Defendant.

7            b.  **Brand.** All Products are sold under the same brand name: Clean Skin Club.

8            c.  **Purpose.** All Products are facial towels primarily intended to be used to clean

9                substances from human body surfaces.

10           d.  **Marketing Demographics.** All Products are marketed directly to consumers for

11               personal use.

12           e.  **Challenged Misrepresentations.** All Products contain the same Challenged

13               Representation conspicuously and prominently placed on the primary display

14               panel of the front label and/or packaging without qualification.

15           f.  **Packaging.** All Products are packaged in similar packaging—using a white

16               background, and similar styles for written content. The Products share, the same

17               marketing claims written on the packaging, including brand identity (Clean Skin

18               Club) and the same "compostable" claim.

19           g.  **Misleading Effect.** The misleading effect of the Challenged Representation on

20               consumers is the same for all Products—consumers over-pay a premium for

21               compostable, environmentally friendly Products, but receive Products that are not

22               of the touted quality. None of the Products can be composted after ordinary use,

23               including as specifically directed by Defendant, despite all promising

24               "compostable" on their labels without qualification.

25    *No Adequate Remedy at Law*

26      53.    **No Adequate Remedy at Law.** Plaintiff and members of the Class are entitled to

27    equitable relief as no adequate remedy at law exists.

28           a.  **Broader Statutes of Limitations.** The statutes of limitations for the causes of

19

**CLASS ACTION COMPLAINT**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1    action pled herein vary. The limitations period is four years for claims brought

2    under the UCL, which is one year longer than the statutes of limitations under the

3    FAL and CLRA. In addition, the statutes of limitations vary for certain states'

4    laws for breach of warranty and unjust enrichment/restitution, between

5    approximately 2 and 6 years. Thus, California Subclass members who purchased

6    the Products more than 3 years prior to the filing of the complaint will be barred

7    from recovery if equitable relief were not permitted under the UCL.  Similarly,

8    Nationwide Class members who purchased the Products prior to the furthest

9    reach-back under the statute of limitations for breach of warranty, will be barred

10   from recovery if equitable relief were not permitted for restitution/unjust

11   enrichment.

12       b.  **Broader Scope of Conduct.** In addition, the scope of actionable misconduct

13   under the unfair prong of the UCL is broader than the other causes of action

14   asserted herein.  It includes, for example, Defendant's overall unfair marketing

15   scheme to promote and brand the Products with the Challenged Representation,

16   across a multitude of media platforms, including the Products' labels and

17   packaging, over a long period of time, in order to gain an unfair advantage over

18   competitor products and to take advantage of consumers' desire for products that

19   comport with the Challenged Representation. The UCL also creates a cause of

20   action for violations of law (such as statutory or regulatory requirements and court

21   orders related to similar representations and omissions made on the type of

22   products at issue). Thus, Plaintiff and Class members may be entitled to restitution

23   under the UCL, while not entitled to damages under other causes of action asserted

24   herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the

25   CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires,

26   by purchase or lease, any goods or services for personal, family, or household

27   purposes) and other statutorily enumerated conduct). Similarly, unjust

28   enrichment/restitution is broader than breach of warranty.  For example, in some

CLASS ACTION COMPLAINT

states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution. Thus, Plaintiff and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of warranty, because they purchased the products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

c. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to misrepresent the Products with the Challenged Representation. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products' Challenged Representation is not true and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front label concerning the Products' true nature. An injunction requiring affirmative disclosures to dispel the public's misperception, and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is *currently* unable to accurately quantify the damages caused by Defendant's future harm, because discovery and Plaintiff's investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

d. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

e. **California vs. Nationwide Class Claims**. Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiff and the California Subclass against Defendant, while breach of warranty and unjust enrichment/restitution are asserted on behalf of Plaintiff and the Nationwide Class. Dismissal of farther-reaching claims, such as restitution, would bar recovery for non-California members of the Class. In other words, legal remedies available or adequate under the California-specific causes of action (such as the UCL, FAL, and CLRA) have no impact on this Court's jurisdiction to award equitable relief under the remaining causes of action asserted on behalf of non-California putative class members.

f. **Procedural Posture—Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves their right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

# VI.    CLASS ACTION ALLEGATIONS

54.    **Class Definition.** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated, and as members of the Classes defined as follows:

**Nationwide Class:**

All residents of the United States who, within the applicable statute of limitations periods, purchased the Products, containing the Challenged Representation on the Products' front packaging for purposes other than resale ("Nationwide Class"); and

**California Subclass:**

All residents of California who, within four years prior to the filing of this Complaint, purchased the Products, containing the Challenged Representation on the Products' front packaging, for purposes other than resale ("California Subclass").

(Nationwide Class and California Subclass, collectively, the "Class"). This definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

55.    **Class Definition Exclusions.** Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

56.    **Reservation of Rights to Amend the Class Definition.** Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

57.    **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

58. **Common Questions Predominate:** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

a. Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;

b. Whether Defendant's conduct of advertising and selling the Products as compostable when they are not compostable when used as directed constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

c. Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq.*;

d. Whether Defendant represented that the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq.*;

e. Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq.*;

f. Whether Defendant's labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

g. Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

h. Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i. Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j. Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

k.  Whether Plaintiff and the Class paid more money for the Products than they actually received;

l.  How much more money Plaintiff and the Class paid for the Products than they actually received;

m.  Whether Defendant's conduct constitutes breach of warranty;

n.  Whether Plaintiff and the Class are entitled to injunctive relief; and

o.  Whether Defendant was unjustly enriched by its unlawful conduct.

59.  **Typicality:** Plaintiff's claims are typical of the claims of the Class Members they seek to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Products. Defendant's unlawful, unfair, and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

60.  **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and have retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

61.  **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.  The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.  Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

CLASS ACTION COMPLAINT

  c.  Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

  d.  When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

  e.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

62. **Inconsistent Rulings.** Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

63. **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

64. **Manageability.** Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

///

///

///

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

## CAUSES OF ACTION

### COUNT ONE

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

**(*On Behalf of the California Subclass*)**

65.     **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

66.     **California Subclass.** This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq*., on behalf of Plaintiff and a California Subclass who purchased the Products within the applicable statute of limitations.

67.     **The UCL.** California Business & Professions Code, sections 17200, *et seq.* (the "**UCL**") prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

68.     **False Advertising Claims.** Defendant, in its advertising and packaging of the Products, made false and misleading statements and fraudulent omissions regarding the quality and characteristics of the Products—specifically, the Compostable Representation—despite the fact the Products are not compostable after ordinary use including as specifically directed by Defendant. Such claims and omissions appear on the labeling and packaging of the Products, which are sold at retail stores, point-of-purchase displays, and online.

69.     **Defendant's Deliberately False and Fraudulent Marketing Scheme.** Defendant does not have any reasonable basis for the claims about the Products made in Defendant's advertising and on Defendant's packaging or labeling because the Products are not compostable after ordinary use including as specifically directed by Defendant. Defendant knew, and knows, that the Products are not compostable after ordinary use, though Defendant intentionally advertised and marketed the Products to deceive reasonable consumers into believing that Products are compostable.

///

CLASS ACTION COMPLAINT

70. **False Advertising Claims Cause Purchase of Products.** Defendant's labeling and advertising of the Products led to, and continues to lead to, reasonable consumers, including Plaintiff, believing that the Products are compostable.

71. **Injury in Fact.** Plaintiff and the California Subclass have suffered injury-in-fact and have lost money or property as a result of and in reliance upon Defendant's Challenged Representation—namely Plaintiff and the California Subclass lost the purchase price for the Products they bought from the Defendant.

72. **Conduct Violates the UCL.** Defendant's conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to the UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

73. **No Reasonably Available Alternatives/Legitimate Business Interests.** Defendant failed to avail itself of reasonably available, lawful alternatives to further its legitimate business interests.

74. **Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern, practice and/or generalized course of conduct, which will continue on a daily basis until Defendant voluntarily alters its conduct or is otherwise ordered to do so.

75. **Injunction.** Pursuant to Business and Professions Code sections 17203 and 17535, Plaintiff and the members of the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practices of labeling and advertising the sale and use of the Products. Likewise, Plaintiff and the members of the California Subclass seek an order

28

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

requiring Defendant to disclose such misrepresentations, and to preclude Defendant's failure to disclose the existence and significance of said misrepresentations.

76. **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the UCL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the UCL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

77. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for violation of the UCL on behalf of Plaintiff and the California Subclass. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of the Defendant.

///

1

### A.    *"Unfair" Prong*

2      78.    **Unfair Standard.** Under the UCL, a challenged activity is "unfair" when "any injury

3  it causes outweighs any benefits provided to consumers and the injury is one that the consumers

4  themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142

5  Cal.App.4th 1394, 1403 (2006).

6      79.    **Injury.** Defendant's action of mislabeling the Products with the Challenged

7  Representation does not confer any benefit to consumers; rather, doing so causes injuries to

8  consumers, who do not receive products commensurate with their reasonable expectations, overpay

9  for the Products, and receive Products of lesser standards than what they reasonably expected to

10 receive. Consumers cannot avoid any of the injuries caused by Defendant's deceptive labeling

11 and/or advertising of the Products. Accordingly, the injuries caused by Defendant's deceptive

12 labeling and advertising outweigh any benefits.

13     80.    **Balancing Test.** Some courts conduct a balancing test to decide if a challenged

14 activity amounts to unfair conduct under California Business and Professions Code Section 17200.

15 They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged

16 victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

17     81.    **No Utility.** Here, Defendant's conduct of labeling the Products with the Compostable

18 Representation when the Products are not compostable when used as directed has no utility and

19 financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the

20 gravity of harm.

21     82.    **Legislative Declared Policy.** Some courts require that "unfairness must be tethered

22 to some legislative declared policy or proof of some actual or threatened impact on competition."

23 *Lozano v. AT&T Wireless Servs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

24     83.    **Unfair Conduct.** Defendant's labeling and advertising of the Products, as alleged

25 herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.  Defendant

26 knew or should have known of its unfair conduct. Defendant's misrepresentations constitute an

27 unfair business practice within the meaning of California Business and Professions Code Section

28 17200.

84.     **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Compostable Representation.

85.     **Defendant's Wrongful Conduct.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

86.     **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practices of labeling the Products with the Compostable Representations.

87.     **Causation/Damages**. Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff and the California Subclass paid an unwarranted premium for the Products. Specifically, Plaintiff and the California Subclass paid for Products that were not compostable when used as directed. Plaintiff and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling were deceptive. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

## B.     *"Fraudulent" Prong*

88.     **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

89.     **Fraudulent & Material Challenged Representation.** Defendant used the Compostable Representation with the intent to sell the Products to consumers, including Plaintiff and the California Subclass. The Challenged Representation is false, and Defendant knew or should have known of its falsity. The Challenged Representation is likely to deceive consumers into purchasing the Products because they are material to the average, ordinary, and reasonable consumer.

///

CLASS ACTION COMPLAINT

1    90.    **Fraudulent Business Practice.** As alleged herein, the misrepresentations by

2    Defendant constitute a fraudulent business practice in violation of California Business &

3    Professions Code section 17200.

4    91.    **Reasonable and Detrimental Reliance.** Plaintiff and the California Subclass

5    reasonably and detrimentally relied on the material and false Challenged Representation to their

6    detriment in that they purchased the Products.

7    92.    **Reasonably Available Alternatives.** Defendant had reasonably available

8    alternatives to further its legitimate business interests, other than the conduct described herein.

9    Defendant could have refrained from labeling the Products with the Compostable Representation.

10    93.    **Business Practice.** All of the conduct alleged herein occurs and continues to occur in

11    Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of

12    conduct.

13    94.    **Injunction.** Pursuant to Business and Professions Code section 17203, Plaintiff and

14    the California Subclass seek an order of this Court enjoining Defendant from continuing to engage,

15    use, or employ its practice of labeling the Products with the Compostable Representation.

16    95.    **Causation/Damages.** Plaintiff and the California Subclass have suffered injury-in-

17    fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted

18    premium for the Products. Specifically, Plaintiff and the California Subclass paid for products that

19    they believed were compostable. Plaintiff and the California Subclass would not have purchased the

20    Products if they had known the truth. Accordingly, Plaintiff seeks damages, restitution, and/or

21    disgorgement of ill-gotten gains pursuant to the UCL.

22    ### C.    *"Unlawful" Prong*

23    96.    **Unlawful Standard.** The UCL identifies violations of other laws as "unlawful

24    practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC*

25    *Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

26    97.    **Violations of CLRA and FAL.** Defendant's labeling of the Products, as alleged

27    herein, violates California Civil Code sections 1750, *et seq.* (the "CLRA") and California Business

28

and Professions Code sections 17500, *et seq.* (the "FAL") as set forth below in the sections regarding those causes of action.

98.    **Additional Violations.** Defendant's conduct in making the false representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair, fraudulent, and/or unlawful business practice under California Business & Professions Code sections 17200-17208. Additionally, Defendant's misrepresentations of material facts, as set forth herein, violate California Civil Code sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

99.    **Unlawful Conduct.** Defendant's marketing, packaging, labeling, and advertising of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct. Defendant knew or should have known of its unlawful conduct.

100.    **Reasonably Available Alternatives.** Defendant had reasonable available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Compostable Representation.

101.    **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

102.    **Injunction.** Pursuant to Business and Professions Code section 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive labeling and advertising of the Products.

103.    **Causation/Damages.** Plaintiff and the California Subclass have suffered injury-in-fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff and the California Subclass paid an unwarranted premium for the Products. Plaintiff and the California Subclass would not have purchased the Products if they had known that Defendant purposely deceived consumers into believing that the Products are truly compostable. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT TWO**

**Violation of the False Advertising Law**

**(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

**(*On Behalf of the California Subclass*)**

104. **Incorporation by reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

105. **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

106. **FAL Standard.** The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

107. **False & Material Challenged Representation Disseminated to Public.** Defendant violated section 17500 when it advertised and marketed the Products through the unfair, deceptive, untrue, and misleading Compostable Representation disseminated to the public through the Products' labeling, packaging, and advertising. This representation was false because the Products do not conform to them. The representations were material because they are likely to mislead a reasonable consumer into purchasing the Products.

108. **Knowledge.** In making and disseminating the Challenged Representation alleged herein, Defendant knew or should have known that the representations were untrue or misleading, and acted in violation of § 17500.

109. **Intent to sell.** Defendant designed the Challenged Representation specifically to induce reasonable consumers, like Plaintiff and the California Subclass, to purchase the Products.

110. **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the FAL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the

34

California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

111.   **Punitive Damages.** Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law.  Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

<u>**COUNT THREE**</u>

**Violation of the Consumers Legal Remedies Act ("CLRA")**

**(California Civil Code §§ 1750, *et seq.*)**

**(*On Behalf of the California Subclass*)**

112.   **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

113.   **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

114.   **CLRA Standard.** The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

///

CLASS ACTION COMPLAINT

115.  **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

116.  **Defendant.** Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

117.  **Consumers.** Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

118.  **Transactions.** Purchase of the Products by Plaintiff and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code § 1761(e).

119.  **Violations of the CLRA.** Defendant violated the following sections of the CLRA by selling the Products to Plaintiff and the California Subclass through the false, misleading, deceptive, and fraudulent Challenged Representation:

   a.  Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have."

   b.  Section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . [when] they are of another."

   c.  Section 1770(a)(9) by advertising the Products "with [the] intent not to sell them as advertised."

120.  **Knowledge.** Defendant's uniform and material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading.

121.  **Malicious.** Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally misled and withheld material information from consumers, including Plaintiff, to increase the sale of the Products.

122.  **Plaintiff Could Not Have Avoided Injury.** Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Plaintiff and members of the California Subclass were unaware of the existence of the facts that Defendant suppressed and failed to disclose, and Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

123.    **Causation/Reliance/Materiality.** Plaintiff and the California Subclass suffered harm as a result of Defendant's violations of the CLRA because they relied on the Challenged Representation in deciding to purchase the Products. The Challenged Representation was a substantial factor. The Challenged Representation was material because a reasonable consumer would consider it important in deciding whether to purchase the Products.

124.    **Section 1782(d)—Prelitigation Demand/Notice.** Pursuant to California Civil Code section 1782, more than thirty days prior to the filing of the Complaint, on November 6, 2024, Plaintiff's counsel, acting on behalf of members of the Class, including Plaintiff, mailed a Demand Letter, via U.S. certified mail, return receipt requested, addressed to Defendant Clean Skin LLC at its headquarters and principal place of business (Clean Skin LLC, 1290 Weston Rd., Ste. 201, Weston, FL 33326), and to its registered agent for service of process (1200 S Pine Island Rd, Ste. 250, Plantation, FL 33324), which was delivered on November 13, 2024.

125.    **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the CLRA, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, punitive damages, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of this Act in the form of damages, disgorgement, or ill-gotten gains to compensate Plaintiff and the California Subclass for said monies.

126.    **Injunction.** Given that Defendant's conduct violated California Civil Code section 1780, Plaintiff and members of the California Subclass are entitled to seek, and do hereby seek, injunctive relief to put an end to Defendant's violations of the CLRA and to dispel the public misperception generated, facilitated, and fostered by Defendant's false advertising campaign. Plaintiff has no adequate remedy at law. Without equitable relief, Defendant's unfair and deceptive practices will continue to harm Plaintiff and the California Subclass. Accordingly, Plaintiff seeks an injunction to enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to section 1780(a)(2), and otherwise require Defendant to take

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

corrective action necessary to dispel the public misperception engendered, fostered, and facilitated through Defendant's deceptive labeling of the Products with the Challenged Representation.

**COUNT FOUR**

**Breach of Warranty**

***(On Behalf of the Nationwide Class and California Subclass)***

127.    **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

128.    **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

129.    **Express Warranty.** By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class and Defendant. Defendant purports, through the Products' labeling and advertising, to create express warranties that the Products, among other things, conform to the Challenged Representation.

130.    **Implied Warranty of Merchantability.** By advertising and selling the Products at issue, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant— to wit, that the Products, among other things, conform to the Challenged Representation.

131.    **Breach of Warranty.** Contrary to Defendant's express warranties, the Products do not conform to the Challenged Representation and, therefore, Defendant breached its warranties about the Products and their qualities.

///

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

132.  **Causation/Remedies.** As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

133.  **Punitive Damages**. Plaintiff seeks punitive damages pursuant to this cause of action for breach of warranty on behalf of Plaintiff and the Class. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving.  Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT FIVE**

**Fraudulent Inducement – Intentional Misrepresentation**

***(On Behalf of the Nationwide Class and California Subclass)***

134.    **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

135.    **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

136.    **Defendant's Misrepresentation.** By claiming that the Products were compostable, when they would not be with regular use, Defendant misrepresented that the Products compostable, while marketing them as such. Defendant's uniform representation appears on the front and center of all the Products at issue. Therefore, Defendant makes this representation to all consumers prior to sale of the Products, regardless of how the Products are sold (i.e. online or in a physical store).

137.    **Defendant's Knowledge.** Defendant knew (or should have known) that the Products were falsely labeled and yet it advertised them as compostable. Here, Defendant's deliberate desire to profit on consumers' lack of knowledge depicted by its encouragement on the front of the Products to use the Products with cleansers, oils, and make up removers; while buried within its website pages, it states that for Defendant's compostable Skin-to-Soil project that is "coming soon," if consumers wish to provide composters affiliated with Defendant with the Products for composting, the Products should be free from oils, balms, and heavy make-up. Therefore, Defendant knows that the Products cannot be composted after ordinary use as directed by Defendant, and yet, it continues to make false and misleading representations.

138.    **Material Misrepresentation.** Defendant also knew that its misrepresentations regarding the Product were material, and that a reasonable consumer would rely on Defendant's representations in making their purchasing decision. That is why they put it on the label of the Product, front and center.

139.    **Plaintiff's Knowledge.** Plaintiff and Class Members did not know-nor could they have known through reasonable diligence-that the Products are not compostable after ordinary use.

CLASS ACTION COMPLAINT

140.    **Reasonable Reliance.** In making their purchasing decisions, Plaintiff and Class Members reasonably relied on Defendant's false, deceptive, and misleading representations that the Products are compostable.

141.    Plaintiff and Class Members' reliance on Defendant's representations was reasonable.

142.    **Intentional Inducement.** Defendant intended to induce—and did, indeed, induce— Plaintiff and Class Members to purchase the Products by affirmatively misrepresenting that the Products are compostable, despite the fact that the Products are not compostable when used for the advertised purposes.

143.    **Causation/Remedies.** As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for fraudulent inducement by intentional misrepresentation in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief, including without limitation, public injunctive relief, to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

## COUNT SIX

### Negligent Misrepresentation

### (*On Behalf of the Nationwide Class and California Subclass*)

144.    **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

145.    **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

146. **Duty.** Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the development, testing, manufacture, marketing, distribution, and sale of the Products.

147. **Breach.** Defendant breached its duty to Plaintiff and the Class by marketing and selling the Products to Plaintiff and the Class without the qualities, characteristics, and suitability for use as advertised by Defendant, and by failing to promptly remove the Product from the marketplace or take other appropriate remedial action. Specifically, the Products are not compostable when used, despite the fact that Defendant advertised them as such.

148. **Defendant's Misrepresentation.** By labeling and marketing the Products as "compostable," even though they could not be composted if used as a reasonable consumer would use them, Defendant misrepresented the characteristics of the Products in order to increase sales and profits from them.

149. **No Reasonable Grounds.** Defendant knew or should have known that the qualities and characteristics of the Product were not as advertised, marketed, detailed, or otherwise represented or suitable for its intended use and were otherwise not as warranted and represented by Defendant.

150. **Material Misrepresentation.** Defendant also knew, or should have known, that its misrepresentations regarding the Product were material, and that a reasonable consumer would rely on Defendant's representations in making purchasing decisions. The Products' value is tied to their purported environmental friendliness, including ability to be composted with regular use, and these are the key attributes that differentiate the Products from ordinary wipes.

151. **Plaintiff's Knowledge.** As alleged herein, Defendant lacked reasonable ground for believing the false and deceptive "compostable" claim to be true.

152. **Reasonable Reliance.** In making their purchasing decisions, Plaintiff and Class Members reasonably relied on Defendant's false, deceptive, and misleading representations that the Products are compostable.

153. Plaintiff and Class Members reliance on Defendant's representations were reasonable.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

154.    **Intentional Inducement.** Defendant affirmatively misrepresented that the Products are compostable to induce Plaintiff and Class Members to purchase the Products. Plaintiff and Class Members were induced to purchase the Products based on the misrepresentations.

155.    **Causation/Remedies.** As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for negligent misrepresentation in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief, including without limitation, public injunctive relief, to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

## COUNT SEVEN

### Unjust Enrichment/Restitution

### (*On Behalf of the Nationwide Class and California Subclass*)

156.    **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

157.    **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

158.    **Plaintiff/Class Conferred a Benefit.** By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

159.    **Defendant's Knowledge of Conferred Benefit.** Defendant had knowledge of such benefit and Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

///

///

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

160. **Defendant's Unjust Receipt Through Deception.** Defendant's knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent, misleading, and deceptive representations and omissions.

161. **Causation/Damages.** As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for unjust enrichment in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

162. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for unjust enrichment on behalf of Plaintiff and the Class. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving.  Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

1

**PRAYER FOR RELIEF**

2      163.    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

3    prays for judgment against Defendant as follows:

4           a.    **Certification:** For an order certifying this action as a class action, appointing

5                  Plaintiff as the Class Representatives, and appointing Plaintiff's Counsel as

6                  Class Counsel;

7           b.    **Declaratory Relief:** For an order declaring that Defendant's conduct violates

8                  the statutes and laws referenced herein;

9           c.    **Injunction:** For an order requiring Defendant to immediately cease and desist

10                 from selling the unlawful Products in violation of law; enjoining Defendant

11                 from continuing to market, advertise, distribute, and sell the Products in the

12                 unlawful manner described herein; requiring Defendant to engage in an

13                 affirmative advertising campaign to dispel the public misperception of the

14                 Products resulting from Defendant's unlawful conduct; and requiring all

15                 further and just corrective action, consistent with permissible law and pursuant

16                 to only those causes of action so permitted;

17          d.    **Damages/Restitution/Disgorgement:** For an order awarding monetary

18                 compensation in the form of damages, restitution, and/or disgorgement to

19                 Plaintiff and the Class, consistent with permissible law and pursuant to only

20                 those causes of action so permitted;

21          e.    **Punitive Damages/Penalties:** For an order awarding punitive damages,

22                 statutory penalties, and/or monetary fines, consistent with permissible law and

23                 pursuant to only those causes of action so permitted;

24          f.    **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs,

25                 consistent with permissible law and pursuant to only those causes of action so

26                 permitted;

27          g.    **Pre/Post Judgment Interest:** For an order awarding pre-judgment and post-

28                 judgment interest, consistent with permissible law and pursuant to only those

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1    causes of action so permitted; and

2    h.    **All Just & Proper Relief:** For such other and further relief as the Court deems

3    just and proper.

4    **DEMAND FOR JURY TRIAL**

5    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by

6    jury for all claims.

7

8    Dated: May 6, 2025                                **CLARKSON LAW FIRM, P.C.**

9                                                      */s/ Yana Hart*
                                                       Ryan Clarkson, Esq.
10                                                     Yana Hart, Esq.
                                                       Bryan P. Thompson, Esq.
11

12                                                     *Attorneys for Plaintiff and the Proposed Classes*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT