**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiff and the Proposed Class*

**GREENBERG TRAURIG, LLP**
Rick L. Shackelford (SBN 151262)
*shackelfordr@gtlaw.com*
Emerson B. Luke (SBN 307963)
*lukee@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Tel: 310.586.7700
Fax: 310.586.7800

*Counsel for Defendant Clean Skin LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| AFARI MOORE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN SKIN LLC,<br><br>Defendants. | Case No. 5:25-CV-3945-NW<br><br>Assigned for all purposes to Hon. Noël Wise<br><br>**RULE 26(f) JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 2, 2025<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Hon. Noël Wise<br><br>Complaint Filed: May 6, 2025<br>Answer Filed: July 8, 2025<br>Trial (Proposed): (See attached schedule) |

0

RULE 26(f) JOINT CASE MANAGEMENT STATEMENT

Plaintiff Afari Moore ("Plaintiff") and Defendant Clean Skin LLC ("Defendant" or "Clean Skin") (collectively, the "Parties"), hereby submit this Joint Case Management Statement pursuant to Fed. R. Civ. P. 26(f), and in compliance with the Standing Order for Judge Noël Wise.

1. **Statement of the Case:**

**Plaintiff's Statement**

Plaintiff provides this additional information required under Local Rule 16-9(a):

**1) The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action:** Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3)

**(2) A description of the class or classes in whose behalf the action is brought: Plaintiff is seeking to certify a Nationwide Class and California Subclass, defined as:**

Nationwide Class: All residents of the United States who, within the applicable statute of limitations periods, purchased the Products, containing the Challenged Representation on the Products' front packaging for purposes other than resale ("Nationwide Class"); and

California Subclass: All residents of California who, within four years prior to the filing of this Complaint, purchased the Products, containing the Challenged Representation on the Products' front packaging, for purposes other than resale ("California Subclass").

**(3) Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b):** Plaintiff estimates the nationwide class in the tens-of-thousands and California Subclass in the thousands, which provides sufficient numerosity. As described below, there are common factual and legal questions and Plaintiff's claims are typical of that of other class members. Specifically, the challenged representation in this case centers on Defendant's claims that its wipes are "compostable," which is a claim uniformly made in Defendant's advertisements and product labelling. Cases that involve allegedly false or misleading representations that appear on all products in a uniform manner are regularly certified as class actions. Plaintiff and her counsel are also adequate and have no conflict with the class. A class action would be superior to individual actions since common questions predominate and due to the size of individual damages, a class action is necessary to allow Class Members to bring claims.

**(4) A proposed date for the Court to consider whether the case can be maintained as a class action:** September 14, 2026.

**Defendant's Statement**

Clean Skin denies that Plaintiff's claim is suitable for class treatment under Rule 23. Clean Skin's factual statement of the case can be found in section 3 below.

**2.   Subject Matter Jurisdiction:**

**Plaintiff's Statement**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 and the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

**Defendant's Statement**

Defendant does not contest subject matter jurisdiction at this time.

**3.   Facts:**

**Plaintiff's Statement:** In an effort to increase profits and gain an advantage over its lawfully acting competitors, Defendant prominently advertises its skincare products as being "compostable,"[1] in a uniform manner – on the packaging, front and center. But that representation is untrue. When the Products are used as directed by Defendant – with oils, balms, liquid makeup removers, or cleansers – they can no longer be composted. That's because cleansers, oils, and balms, as well as the makeup and human skin oils removed with the wipes, contaminate them, rendering them incapable of properly decomposing. Even worse, when added to a compost pile, the Products

---

[1] The Products at issue here are the Clean Skin Club Clean Towels, 25 Count, in all variations or packaging types; Clean Skin Club Clean Towels XL, 50 Count, in all variations or packing types; Clean Skin Club Clean Towels XL Supreme, 50 Count, in all variations or packaging types; Clean Skin Club Clean Towels XL Bamboo, 50 Count, in all variations or packaging types; and Clean Skin Club Clean Towels XL Travel, 10 Count, in all variations or packaging (collectively, the "Products").

contaminate the entire pile, making otherwise compostable goods non-compostable, by leaching harmful chemicals into the soil, causing further environmental harm. No reasonable consumer purchases disposable face towels just to place them directly into a compost pile without use. Instead, consumers use the Products as directed. This leaves the consumer with a towel no more compostable than cheaper alternatives on the market that do not falsely promise "compostable." Plaintiff disputes Defendant's position.

**Defendant's Statement**: Plaintiff alleges that statement on the packaging of Clean Skin's disposable face towels that the product is "compostable" is false. The thrust of Plaintiff's claim is that, by marketing its disposable towel product as "compostable," Clean Skin deceives reasonable consumers into believing that its disposable towel product can render foreign chemical substances—e.g., "[o]ils, balms, and cleansers [that] contain synthetic chemicals, microplastics, and other substances"—into biodegradable ones simply by making contact with the towel product during use. Yet plaintiffs do not deny that the face towels are made of compostable materials, and they acknowledge that Clean Skin provides instructions for composting the face towels, including that they "should be free from oils, balms, and heavy make-up." Indeed, Clean Skin has obtained certifications recognizing its face towels are made of compostable materials. Plaintiff's claims are meritless, and judgment should be entered in favor of Clean Skin.

4.     **Legal Issues:**

**Plaintiff's Statement:** Plaintiff asserts that there are a number of common questions of law in this case as discussed further in Plaintiff's Complaint, but the primary legal issues that will be at the heart of this action include, but are not limited to: a) whether this case may be certified as a class action; b) Whether Defendant engaged in unlawful, unfair or deceptive business practices in labelling and advertising and selling the Products; c) Whether Defendant's label regarding the Product's compatibility is false and/or misleading; and, d) whether Defendant's conduct was intentional and/or willful.

**Defendant's Statement:** Clean Skin identifies the following relevant legal issues currently:

- Whether Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23;

- Whether Plaintiff can satisfy their burden of proving that reasonable consumers would be deceived in the way that Plaintiff contends;
- Whether Plaintiff's equitable claims and requests for equitable relief must be dismissed because they fail to show that legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020);
- Whether Plaintiff's request for injunctive relief must be dismissed because they fail to show a concrete, imminent threat of future injury. *See Anthony v. Pharmavite*, 2019 WL 109446, at *5-6 (N.D. Cal. Jan. 4, 2019).

## 5. Motions:

There are currently no pending motions. Plaintiff anticipates filing a motion for class certification. Clean Skin intends to file a motion for summary judgment following the commencement and exchanging of initial discovery. The parties reserve their rights to file cross-motions for summary judgment, and Daubert motions (if necessary). Closer to trial, the Parties anticipate filing pre-trial motions as appropriate or necessary depending on the progression of this litigation.

## 6. Evidence Preservation

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action. Further, the parties will meet and confer regarding electronic discovery issues pursuant to Fed. R. Civ. P. 26(f) regarding what reasonable and proportionate steps are to be taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will confer on electronic discovery in an effort to establish a suitable protocol and shall present any disputes to the Court for resolution.

7.  **Status of Discovery:**

The parties have begun informal discovery and anticipate serving formal discovery shortly. Plaintiff additionally provided her Initial Disclosures to Defendant on July 30, 2025. The parties have agreed on a Protective Order, which was entered by this Court on August 8, 2025. (ECF 19).

**Discovery Plan**

The parties have reviewed and discussed the requirements in the Court's Standing Order to "propose a full litigation schedule . . . ." Consistent with the Court's target dates and deadlines, the parties propose a schedule with a trial date twenty months from the initial case management conference. The parties have conferred regarding scheduling for proceedings beyond the class certification and agree that the nature and scope of such proceedings will depend materially on the outcome of the motion for class certification and the motion for summary judgment directed to the named plaintiff's (or plaintiffs) claims. The parties therefore propose to meet and confer **within 21 days of the decision on Plaintiff's anticipated motion for class certification and Defendant's anticipated motion for summary judgment** and report back to the Court on the schedule of any future proceedings, including with respect to additional expert activities, discovery, class notice, or other adjustments that may need to be made.

Plaintiff requests that the Court stay the remaining dates post-class certification briefing until after the issuance of an order on the motion for class certification because class certification will define the scope of the case that proceeds to trial.

The parties propose that the Court hold a pre-hearing conference at a time and date convenient to the Court to discuss the format with respect to the class certification hearing, the identification of witnesses, exhibits, objections, etc., and the timing of any *Daubert* hearing.

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date Where Applicable |
|---|---|---|
| Deadline to Amend Pleadings | 90 days from the Case Management Conference [December 01, 2025] | 90 days from the date of 26(f) filing [November 17, 2025] |
| Class Certification Motion and expert disclosures and reports relating to class certification | 360 days before trial [May 8, 2026] | 227 days before trial [April 21, 2026] |
| Opposition to Class Certification and expert disclosures and reports relating to class certification; deadline to conduct expert discovery relating to Plaintiff's experts | 300 days before trial [July 7, 2026] | 165 days before trial [June 22, 2026] |
| Class Certification Reply; Deadline to conduct expert discovery relating to Defendant's experts | 237 days before trial [September 8, 2026] | 135 days before trial [July 22, 2026] |
| Close of Fact Discovery | 227 days before trial [September 18, 2026] | 227 days before trial [April 21, 2026] |
| Opening Expert Reports relating to the merits | 199 days before trial [October 16, 2026] | 199 days before trial [May 19, 2026] |
| Rebuttal Expert Reports relating to the merits | 171 days before trial [November 13, 2026] | 171 days before trial [June 16, 2026] |
| Close of Expert Discovery | 150 days before trial [December 4, 2026] | 150 days before trial [July 7, 2026] |
| Deadline to file Dispositive/Daubert Motions | 134 days before trial [December 21, 2026] | 129 days before trial [July 28, 2026] |
| Last Day to Hear Dispositive/*Daubert* Motions | 75 days before trial [February 17, 2027] | 75 days before trial [September 21, 2026] |

6
RULE 26(f) JOINT CASE MANAGEMENT STATEMENT

| | | |
|---|---|---|
| Joint Pretrial Conference Statement | 26 days before trial [April 7, 2027] | 26 days before trial [November 9, 2026] |
| Pretrial Conference | 12 days before trial [April 21, 2027] | 12 days before trial [November 22, 2026] |
| Trial | May 3, 2027 [20 months from CMC] | December 4, 2026 [14 months from CMC] |

7
RULE 26(f) JOINT CASE MANAGEMENT STATEMENT

**8.    Amendments of Pleadings:**

**Plaintiff's Statement**

Plaintiff reserves the right to amend her complaint, or add parties or claims, in the event that discovery leads to evidence necessitating amendment or motions to add parties or claims. The Parties do not anticipate any motions regarding transferring venue/remand. Plaintiff proposes a deadline to amend to be set 90 days from the date of the Case Management Conference, on or before December 1, 2025.

**Defendant's Statement**

Clean Skin does not anticipate any pleading amendments at this time. However, for the sake of efficiency and judicial economy, Clean Skin requests that the Court set a deadline for the parties to stipulate or seek leave to file any pleading amendments. In light of Plaintiff's intention to "reserve[] the right to amend her complaint," Clean Skin believes that a November 17, 2025 deadline—90 days from the date of this filing—provides sufficient time for Plaintiff to assess whether to seek leave to amend.

**9.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Each party agrees to preserve electronically stored records (as they may currently exist) retroactive to the date Defendant first began marketing the Products. All counsel agree to instruct their clients to preserve these records. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

**10.   Disclosures**

The parties have stipulated to exchange initial disclosures, pursuant to Fed. R. Civ. P. 26.

**11.   Discovery**

At this time, the parties do not request any changes made in the limitations on discovery

imposed under these rules or by local rule. Plaintiff does not believe that discovery should be formally bifurcated because certain merits and class certification are intertwined and formal bifurcation would likely result in unnecessary discovery disputes and additional expense.

The parties are amenable to entering into a stipulated e-discovery order and/or discovery plan pursuant to Fed. R. Civ. P. 26(f). The parties do not anticipate specific discovery disputes at this time.

## 12. Class Actions

All parties have reviewed the Procedural Guidance for Class Action Settlements.

## 13. Related Cases

The Parties are unaware of related actions but will promptly notify the court if either party becomes aware of any other potentially related cases.

## 14. Relief

**Plaintiff's Statement**

Plaintiff seeks certification of a Nationwide Class of consumers as well as a California Subclass under Fed. R. Civ. P. 23(a) and 23(b). Plaintiff seeks an injunction against Defendant's use of the advertising claim; restitution and disgorgement in an amount equal to the money Plaintiff and the putative class members paid for the Products within the applicable class period, plus pre and/or post-judgment interest; attorneys' fees and costs incurred in this litigation; and all further just and proper relief. Plaintiff is unable to reasonably estimate the dollar amount or monetary value of the requested relief absent discovery regarding Defendant's sales to the putative class members.

**Defendant's position**

Clean Skin denies liability, denies that Plaintiff has any cognizable injury, and denies that there is any basis for damages or equitable relief.

## 15. Settlement and ADR

The parties have not engaged in any formal ADR process but have agreed to conduct a private mediation prior to class certification briefing, and anticipate discussing potential mediators. The parties will inform the Court if a mediation is scheduled in this case. The parties have reviewed

ADR L.R. 3-5, and certify that they will comply with L.R. 3-5 if they engage in ADR during the course of litigation, and if the matter remains before this Court. Plaintiff filed her ADR Certification on July 29, 2025. (ECF 17).

**16. Consent to Magistrate Judge For All Purposes**

All parties do not unanimously consent to a Magistrate Judge for all purposes at this time but will inform the court if they agree at a later date.

**17. Other References:** The Parties do not believe this case is presently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**18. Narrowing of Issues**

The parties do not currently have issues that can be narrowed by agreement at this time.

**19. Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure.

**20. Scheduling**

Pursuant to this Court's standing order, the parties proposed a case schedule in section 7 above.

**21. Trial**

The parties request a jury trial and anticipate a 1-week trial.

**22. Disclosure of Non-party Interested Entities or Persons**

Defendant filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on July 8, 2025. (ECF 15). Plaintiff filed her Certification on July 29, 2025. (ECF 16).

**Plaintiff's Position**

Plaintiff does not know of any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than Plaintiff and the putative class members to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendant's Position**

Defendant is unaware of any interested parties not already disclosed in its prior Local Rule 3-15 Certification of Interested Entities or Persons.

**23.** **Professional Conduct**

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct.

**24.** **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

None at this time.

DATED: August 19, 2025          **CLARKSON LAW FIRM, P.C.**

By: */s/Yana Hart*
    Ryan J. Clarkson, Esq.
    Yana Hart, Esq.
    Bryan Thompson, Esq.

*Attorneys for Plaintiff & the Proposed Class*

DATED: August 19, 2025          **GREENBERG TRAURIG, LLP**

By: */s/Rick L. Shackelford*
    Rick L. Shackelford, Esq.
    Emerson B. Luke, Esq.

*Attorneys for Defendant*

**ATTESTATION OF FILER**

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August 19, 2025                    **CLARKSON LAW FIRM, P.C.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Yana Hart_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　By: Yana Hart, Esq.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff and the Proposed Classes*